IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAJI OM, KRSNAYA OM, and SUKLA TARA AUSHADHALAY,<br><br>            Plaintiffs,<br><br>    v.<br><br>OFFICER MELERO, et al.<br><br>            Defendants.<br>_____/ | No. C 12-5498 CW<br><br>ORDER GRANTING MOTION TO DISMISS (Docket No. 10); DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS FOR RELIEF (Docket Nos. 16, 17, 19, 21, 38) |

Plaintiffs Kamaji and Krsnaya Om, proceeding pro se, bring this action against Defendants Vickie Virk and various employees of the City of Berkeley.  City Defendants move to dismiss the complaint.  Krsnaya Om opposes the motion and moves for leave file a first amended complaint (FAC) and miscellaneous other forms of relief.  The Court took the matter under submission on the papers and now grants City Defendants' motion to dismiss.  Plaintiff's motions are denied as moot.

BACKGROUND

The following facts are taken from Plaintiffs' complaint.  On October 3, 2012, seven or eight Berkeley Police Department (BPD) officers raided Sukla Tara Aushadhalay, a spiritual healing clinic[1] operated by Kamaji Om (also known as Mary Lund).  Docket No. 1, Compl. at 14, 25.  The police, who had a warrant to search the property, seized over three-hundred marijuana plants from the clinic as well as cash and other "personal items" belonging to

---

[1] Plaintiffs describe the clinic in their complaint as a "duly registered religious Trust."  Compl. at 14.

1  Kamaji Om.  Id. at 14-15.  They did not make any arrests and have
2  not charged anyone in connection with the raid.  Id. at 15.
3      Shortly after the raid, a BPD officer[2] telephoned the
4  clinic's landlord, Virk, to inform her that her property was being
5  used for criminal activity.  Id. at 16-17.  The officer told Virk
6  that she needed to evict Plaintiffs from the property and warned
7  Virk that she could face criminal charges for failing to do so.
8  Id. at 17.  Virk eventually hired an attorney and served Kamaji Om
9  with an eviction notice.  Id.  The complaint does not state
10 whether Kamaji Om or the clinic were actually evicted from the
11 property.
12     On October 24, 2012, Kamaji and Krsnaya Om filed this lawsuit
13 on behalf of themselves and Sukla Tara Aushadhalay against Virk,
14 BPD Chief Michael K. Meehan, BPD Officers Melero and Kalcek, and
15 City of Berkeley employees Gregory Daniel, William Rogers, and
16 Wendy Cosin.  Id. at 1.  In their complaint, Plaintiffs assert
17 thirty-six causes of action against Defendants under state and
18 federal law.  Id. at 4-5, 29-31.  They seek 1.5 million dollars in
19 compensatory damages, three million dollars in punitive damages,
20 and an order directing the City of Berkeley to close all licensed
21 marijuana dispensaries operating within city limits.  Id. at 29-
22 31.  They also seek an injunction barring evictions from any
23 property in the United States "where a Sukla Tara Aushadhalay or
24 botanical garden is established and where rents are being paid

---

[2] Although Plaintiffs allege that this officer's name is Darren Kalcek, they also refer to him as John Doe in their complaint.  See Compl. at 17.

2

according to lease contract agreement." Id. at 30-31.  Plaintiffs failed to serve their complaint on either City Defendants or Virk.

On November 29, 2012, City Defendants moved to dismiss the complaint for failure to state a claim, insufficient service of process, insufficient process, and failure to comply with Federal Rule of Civil Procedure 8.  On January 14, 2013, after Plaintiffs failed to file a timely opposition, the Court extended their deadline to do so by one week.  Docket No. 15.

The next day, January 15, 2013, Krsnaya Om filed two copies of her opposition to City Defendants' motion.  Docket Nos. 18 & 20.  She also filed several motions for miscellaneous relief, including (1) a motion for leave to file a FAC, Docket No. 21; (2) a "request for extra time to serve summons to four John Doe Federal Agents & United Parcel Post," Docket No. 16; and (3) two "ex parte request[s] for federal injunctions against police and constitutional obstructors," Docket Nos. 17 & 19.  On January 31, 2013, she filed a "motion for summons" seeking permission to serve a summons, a FAC, and discovery requests on California Attorney General Kamala Harris, United States Attorney Melinda Haag, "United Parcel Post," and four John Doe federal agents.  Docket No. 38.  Kamaji Om did not sign Krsnaya Om's opposition brief nor any of her moving papers.

On January 23, 2013, City Defendants filed their reply brief in support of their motion to dismiss.  Docket No. 30.  In it, they note that, because Plaintiffs attempted service in December 2012, City Defendants are now "willing to withdraw the procedural arguments regarding service of process as a basis for dismissal."

3

1  Id. at 2.  Virk has not appeared in this action and does not
2  appear to have been served.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

4

DISCUSSION

I.   Failure to State a Claim

Plaintiffs' complaint is poorly organized and contains few concrete factual allegations.  It consists mostly of broad legal, historical, and religious arguments against government prohibitions on marijuana possession.  It also summarizes Plaintiffs' views on tenants' rights and religious freedom.  The complaint fails to link Plaintiffs' numerous causes of action directly to any specific Defendants or factual allegations.  The Court will assume, therefore, that Plaintiffs' claims arise from the two events described in the complaint: the October 2012 BPD raid of the clinic and the subsequent eviction notice issued by Virk.  For the reasons outlined below, neither of these events gives rise to a claim upon which relief might granted.

   A.   Kamaji Om's Claims

Kamaji Om is the only plaintiff here who is alleged to have been present during the October 2012 raid.  She is also the only plaintiff alleged to have had her personal property seized by BPD, to have held an administrative position at the clinic, or to have received an eviction notice from Virk.  Nevertheless, despite her direct involvement in these events, she has failed to state a claim here.

The central barrier to Kamaji Om's claims against City Defendants is her admission that she knowingly engaged in illegal activity -- namely, the possession and distribution of marijuana without a permit.  See Compl. at 14-15, 26 ("What a customer does with the cannabis we give away free after he leaves the clinic is up to him.").  These activities are prohibited under both state

5

1  and federal law.  See 21 U.S.C. §§ 841(b), 844; Cal. Health &
2  Safety Code §§ 11357-58.  Cities have the authority to enforce
3  these prohibitions as well as their own local nuisance and
4  criminal ordinances.  See Gonzales v. Peoria, 722 F.2d 468, 475-76
5  (9th Cir. 1983) (concluding that state officers have authority to
6  enforce federal criminal law), overruled on other grounds in
7  Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999);
8  Sturgeon v. Bratton, 174 Cal. App. 4th 1407, 1412-13 (2009); City
9  of Oakland v. Superior Court, 45 Cal. App. 4th 740, 456 (1996).
10 Accordingly, neither Kamaji Om nor any other Plaintiff may state a
11 claim against City Defendants for seizing marijuana from the
12 clinic.
13      In her opposition, Krsnaya Om argues that Plaintiffs are not
14 bound by any laws prohibiting marijuana possession because of
15 their spiritual beliefs.  Federal courts have rejected this
16 argument on multiple occasions.  See, e.g., Guam v. Guerrero, 290
17 F.3d 1210, 1215-16 (9th Cir. 2002) ("Guam may constitutionally
18 punish [the defendant] for importing a controlled substance, even
19 if doing so substantially burdens his ability to practice his
20 religion."); Multi-Denominational Ministry of Cannabis & Rastafari
21 v. Gonzales, 474 F. Supp. 2d 1133, 1143-44 (N.D. Cal. 2007)
22 (dismissing religious nonprofit's First Amendment claims against
23 county sheriff's deputies for seizure of marijuana plants), aff'd
24 365 Fed. App'x 817, 819 (9th Cir. 2010).  The Ninth Circuit has
25 generally held that the "right to freely exercise one's religion
26 . . . 'does not relieve an individual of the obligation to comply
27 with a valid and neutral law of general applicability.'"
28 Stormans, Inc. v. Selecky, 586 F.3d 1109, 1128 (9th Cir. 2009)

6

(quoting Employment Division v. Smith, 494 U.S. 872, 879 (1990)). Thus, all claims against City Defendants based on the lawful seizure of illegal drugs must be dismissed with prejudice.

Kamaji Om's claims against Virk, the clinic's landlord, must also be dismissed. The complaint does not allege that Virk breached her lease with any Kamaji Om or any other Plaintiff. Nor does it allege that Virk lacked the authority to evict tenants from her property. Nor does the complaint allege that any Plaintiff had a possessory interest in the property. See Spinks v. Equity Residential Briarwood Apts., 171 Cal. App. 4th 1004, 1039-40 (2009) (stating that plaintiffs must have "peaceable possession" of property to bring a wrongful eviction action against the property owner). Indeed, the complaint does not even allege that Virk actually evicted anyone. The only action Virk is alleged to have taken is serving Kamaji Om with an eviction notice at the request of the police. Standing alone, this allegation is insufficient to state a cognizable claim. Kamaji Om's claims against Virk are therefore dismissed. Kamaji Om may amend her claims against Virk if she can truthfully allege that she had a lawful, possessory interest in the property and that Virk wrongfully evicted her.

Finally, the Court notes that Kamaji Om has failed to sign either copy of the opposition brief filed by Krsnaya Om. Although the complaint states that Krsnaya Om will serve as Kamaji Om's "appointed counsel," the local rules prohibit such an arrangement because both are proceeding pro se here. Civil Local Rule 3-9(a) states that any "party representing him or herself without an attorney must appear personally and may not delegate that duty to

7

any other person who is not a member of the bar of this Court." Krsnaya Om is not a member of the bar of this Court and, therefore, may not serve as Kamaji Om's appointed counsel. Thus, in addition to the grounds for dismissal outlined above, Kamaji Om's claims are dismissed for her failure to oppose City Defendants' motion personally.

B.   Krsnaya Om's Claims

Krsnaya Om's involvement this action remains unclear. The complaint does not state whether she was present at the clinic during the police raid nor does it state whether her property was seized by BPD. The complaint also fails to specify whether she had any financial or property interest in Sukla Tara Aushadhalay or was otherwise affected by the eviction notice.

Based on the complaint, Krsnaya Om's only apparent connection to this suit is as (1) Kamaji Om's "appointed counsel," (2) Kamaji Om's "guru," and (3) the "Trust Fiduciary of Sukla Tara Ayurvda Institute," which appears to be an alternative name for Sukla Tara Aushadhalay. Id. at 5. Of these three possible roles, the first is expressly precluded under the local rules, as noted above. See Civil L.R. 3-9(a). The other two roles -- "guru" and "Trust Fiduciary" -- do not support her claims in this case. Accordingly, Krsnaya Om's claims must be dismissed. Although her claims against City Defendants are dismissed with prejudice for the reasons discussed above, she is granted leave to amend her claims against Virk if she can truthfully allege that she had a lawful, possessory interest in the property and was wrongfully evicted.

8

### C. Sukla Tara Aushadhalay's Claims

Sukla Tara Aushadhalay's claims against City Defendants are dismissed for the same reasons that Kamaji and Krsnaya Om's claims against them are dismissed. In addition, its claims are dismissed because Sukla Tara Aushadhalay is not a natural person and thus, under the local rules, may only appear "through a member of the bar of this Court." Civil L.R. 3-9(b). Because Kamaji and Krsnaya Om are not members of the bar of this Court, they may not represent Sukla Tara Aushadhalay in this action.

## II. Other Grounds for Dismissal

In addition to the grounds for dismissal discussed above, City Defendants move to dismiss based on qualified immunity and Plaintiffs' failure to abide by Rule 8. Because Plaintiffs' claims against City Defendants are dismissed with prejudice, the Court does not address these alternative grounds for dismissal.

## III. Plaintiff Krsnaya Om's Motions for Miscellaneous Relief

Krsnaya Om's motion for leave to file a FAC is denied. The motion fails to articulate any justifications for amending the complaint and, more importantly, her proposed FAC fails to cure the various pleading deficiencies identified above. Furthermore, the proposed FAC has not been signed by Kamaji Om.

Krsnaya Om's other motions all involve either enjoining or effecting service upon City Defendants, Attorney General Harris, United States Attorney Haag, John Doe federal agents, "United Parcel Post," and employees of Chase Manhattan Bank. Plaintiffs have failed to state a claim against any of these individuals: the claims against City Defendants are dismissed with prejudice and none of the other individuals identified in these motions are

9

named as parties in Plaintiffs' original complaint. As such, all of these motions are denied as moot.

CONCLUSION

For the reasons set forth above, City Defendants' motion to dismiss (Docket No. 10) is GRANTED. Plaintiff Krsnaya Om's motion for leave to file a FAC (Docket No. 21), motion for summons (Docket No. 38), requests for "federal injunctions" (Docket Nos. 17 & 19), and request for "extra time to serve summons to four John Doe Federal Agents & United Parcel Post" (Docket No. 16) are DENIED.

All claims against City Defendants are dismissed with prejudice. If Plaintiffs seek to amend their claims against Virk, they must file a proposed amended complaint with the Court within twenty-one days of this order. In addition, they must show good cause why their claims against Virk should not be dismissed for failure to complete timely service as required by Federal Rule of Civil Procedure 4(m). Plaintiffs' amended complaint must (1) allege sufficiently detailed facts for the Court to determine whether they are entitled to relief; (2) clearly describe the alleged injury or injuries for which Virk specifically is alleged to be responsible; and (3) not raise any new claims. Furthermore, pursuant to the local rules, their amended complaint must be signed by both Krsnaya and Kamaji Om and may not assert any claims on behalf of Sukla Tara Aushadhalay, or any other entity, unless Plaintiffs are represented by a member of the bar of this Court.

Plaintiffs are responsible for prosecuting this case. Failure to comply with the instructions in this order may result

10

in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  2/27/2013

CLAUDIA WILKEN
United States District Judge